See also the next case.

---

# Buchanan *v.* Kerr et al., Appellants.

*Conspiracy—Combination of employers—Wages.*

In a civil action for conspiracy where it appears that workmen engaged in building trades entered into a lawful combination to advance wages by reducing the hours of labor, and that defendants were members of an association of employers which by combination agreed among themselves that they would not sell material to contractors who conceded the advance, and induced other dealers not to furnish such material, defendants are not liable in damages to a person in the same business who aided the strike by selling materials to the strikers and contractors, and who by reason of the combination was not able to procure all of the material which he desired.

If one of the parties to such an agreement is guilty of a breach of contract in refusing to furnish material, an action will lie against him for damages; but such breach of contract does not render the other parties liable for conspiracy, if such breach of contract formed no part of the agreement or combination to resist a combination to advance the price of labor.

Argued Nov. 7, 1893. Appeal, No. 46, Oct. T., 1893, by defendants, Henry Kerr et al., from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1891, No. 406, on verdict for plaintiff, Thomas Buchanan. Before STERRETT, C. J., GREEN, WIL-LIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass to recover damages for loss occasioned by alleged conspiracy of defendants.

The facts appear by the opinion of the Supreme Court.

Defendants' 4th point was as follows :

" 4. There is no evidence of a common purpose between any two or more of the defendants to injure the plaintiff. *Answer :* This point is refused ; it is a question of fact upon the evidence for the jury." [3]

Verdict and judgment for plaintiff for $350.

*Error assigned* was (3) above instructions, quoting them.

*J. S. Ferguson*, *E. G. Ferguson* with him, for appellants, cited : Theiss's Case, 4 N. Y. Cr. R. 403 ; Bowen v. Matheson, 14 Allen, 499.

*L. K. Porter*, *W. J. Brennen* with him, for appellee, cited : Moore & Co. v. Bricklayers' Union, 7 Ry. & Corp. L. J. 109 ; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173 ; Wright on Conspiracies, 175 ; Walker v. Cronin, 107 Mass. 555 ; People v. North Sugar Refining Co., 7 N. Y. Supp. 406 ; Lumley v. Gye, 2 E. & Bl. 216 ; Com. v. Carlisle, Brightly, 36 ; note to Mitchell v. Reynolds, 1 Sm. L. Cas. 756 ; Keeler v. Taylor, 53 Pa. 468.

OPINION BY MR. JUSTICE DEAN, January 2, 1894 :

The opinion in Cote v. Murphy et al., filed this day, decides this case also. There was no evidence of a combination to break down Buchanan in his business as a contractor or builder. The evidence showed a lawful combination of workmen engaged in the building trades, to advance wages, by demanding that in the future the employers pay for eight hours work the same wages that had theretofore been paid for nine hours. The defendants were members of an association of employers which

by combination resisted this demand. This combination agreed among themselves they would not sell material to contractors who conceded the advance, would not do work of any kind for them. In pursuance of this agreement they refused to furnish material to plaintiff or to work for him, because, as they believed, he was aiding the striking workmen in their attempt by combination to advance the price of labor. There is no evidence of malice or intention to injure this plaintiff. If Kerr, one of defendants, as plaintiff alleged, at the trial, broke his contract to deliver him brick, then he has an action against him on the contract for damages. But the other defendants are not answerable for conspiracy because of such breach of contract by one of their number, when such breach of contract formed no part of the agreement or combination to resist a combination advance in wages.

The defendant's 4th prayer for instructions, which was refused, and which constitutes appellant's third assignment of error, that there was "no evidence of a common purpose between any two or more of them to injure plaintiff," should have been affirmed.

The judgment is reversed at costs of appellee.